### Ellen F. Clark and Willard D. Clark, Impleaded with M. F. Kingman, v. Shelby A. Kingman, Administrator of the Estate of Matthew Kingman.

1. BURDEN OF PROOF—*Claims Against Deceased Persons.*—Where a father held a note against his son, and after his death the son filed a petition to have the note surrendered to him upon a promise of his father in his lifetime to do so, the burden is upon the son to show the promise of the father.

**Memorandum.**—Appeal from the Circuit Court of Peoria County; the Hon. NICHOLAS E. WORTHINGTON, Judge, presiding. Heard in that court on appeal from the Probate Court of said county. Heard in this court at the May term, 1894. Reversed and remanded. Opinion filed December 13, 1894.

WM. T. IRWIN, WM. S. BRACKETT and W. I. SLEMMONS, attorneys for appellants.

JOHN S. STEVENS and J. A. CAMERON, attorneys for appellee.

MR. PRESIDING JUSTICE LACEY DELIVERED THE OPINION OF THE COURT.

This is similar to the preceding case, with M. F. Kingman as petitioner, for the surrender of two certain promissory notes given by petitioner to Matthew Kingman, deceased, his father, in his lifetime, one for $500, dated August 16, 1880, and one in June, 1882, for $1,000, both of which, together with six per cent interest, were to be accounted for

by petitioner in the settlement of said Matthew Kingman's estate.

The petition alleges that petitioner, many years prior to 1890, performed services for deceased in the State of Iowa at deceased's request; that no settlement for services was made till February 12, 1890, when deceased promised that the two papers or receipts were to be applied in payment of petitioner's claim, and deceased promised said papers should never come against him.

On appeal to the Circuit Court from the Probate Court, where the case was first tried, the Circuit Court entered an order that the said two notes or papers described in the petition be surrendered to petitioner, and that the administrator amend his inventory in the Probate Court, so as to exclude therefrom, said notes.

The case was tried, and it was almost an exact counterpart of the claim of Shelby A. Kingman against the estate, appealed to this court, of Ellen F. Clark et al. v. Eugene Gibbons, ext. *pro tem.* of the same estate, and decided by this court, reversing the order of the Circuit Court, and in which we filed an opinion, giving our reasons at large for reversing the order. (See preceding case.) The claim of the petitioner herein was sustained only by the evidence above of Shelby A. Kingman, administrator of deceased, and brother of petitioner, and is in all substantial particulars the same as that of M. F. Kingman, petitioner herein, in his case referred to in the opinion, only in this case the supposed promise of satisfaction of the notes by deceased, referred to the notes in question here.

For the same reasons given in the opinion in the case referred to, and which we adopt and apply to this case, we are of the opinion said claim of petitioner is not made out by the evidence.

There was no absolute promise of deceased to satisfy petitioner's notes. The matter was left undetermined for deceased to do as he thought right in his will, or otherwise, by petitioner in reference to the notes.

The order of the Circuit Court is therefore reversed and the cause remanded.